UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **EUGENE SCALIA**, Secretary of Labor, United States Department of Labor, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) Civil Action No. |
| **RODNEY C. SCOTT, RCS & ASSOCIATES, LTD., and RCS & ASSOCIATES, LTD. 401(k) PLAN,** | ) ) ) ) |
| Defendants. | ) ) |

## COMPLAINT

Plaintiff Eugene Scalia, Secretary of Labor, United States Department of Labor ("Secretary"), alleges as follows:

1. This action arises under Title I of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1001, *et seq.*, and is brought by the Secretary under ERISA § 502(a)(2) and (5), 29 U.S.C. § 1132(a)(2) and (5), to enjoin acts and practices that violate the provisions of Title I of ERISA, to obtain appropriate equitable relief for breaches of fiduciary duty under ERISA § 409, 29 U.S.C. § 1109, and to obtain such further equitable relief as may be appropriate to redress violations and to enforce the provisions of Title I of ERISA.

2. The RCS & Associates, Ltd. 401(k) Plan (the "Plan") is an employee benefit plan within the meaning of ERISA § 3(3), 29 U.S.C. § 1002(3), which is subject to the provisions of Title I of ERISA pursuant to ERISA § 4(a), 29 U.S.C. § 1003(a).

3. This Court has jurisdiction over this action pursuant to ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1).

4. Venue of this action lies in the Northern District of Illinois, pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), because the Plan is administered in Hillside, Cook County, Illinois, within this district.

## DEFENDANTS AND PARTIES IN INTEREST UNDER ERISA

5. Defendant RCS & Associates, Ltd. ("RCS") was incorporated in Illinois on March 8, 2007.

6. From November 1, 2014 to the present, Defendant RCS was the sponsor of the Plan, the Plan Administrator to the Plan, a Plan fiduciary within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A), and a party in interest to the Plan within the meaning of ERISA § 3(14)(A) and (C), 29 U.S.C. § 1002(3)(14)(A) and (C).

7. The Plan is named as Defendant pursuant to Rule 19(a)(1)(A) of the Federal Rules of Civil Procedure solely to assure that complete relief can be granted.

8. From at least November 1, 2014 to the present, Defendant Rodney C. Scott ("Scott") was the sole owner of RCS, was the president of Defendant RCS, was a named trustee of the Plan, and was a fiduciary of the Plan within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A), and a party in interest to the Plan within the meaning of ERISA § 3(14)(A), (E) and (H), 29 U.S.C. §1002(A), (E) and (H).

## GENERAL ALLEGATIONS

9. Defendant RCS established the Plan on November 1, 2014, to provide retirement benefits to its employees and their beneficiaries.

10. The Plan was funded by employee salary reduction contributions RCS withheld from its employees' wages.

11. From at least November 1, 2014 through the present, Defendant Scott is responsible for processing payroll and making payroll deductions.

12. From at least November 1, 2014 through the present, Defendant Scott is responsible for the day-to-day administration of the Plan, which includes maintaining plan records, authorizing Form 5500 filings, authorizing distributions, distributing Summary Plan Descriptions to participants and remitting participant contributions to the Plan.

## COUNT ONE
### Failure to Remit Employee Contributions to the Plan

13. Paragraphs 1 through 12 above are realleged and incorporated in these allegations.

14. From at least January 5, 2017 through December 20, 2019, the Plan's governing documents provided in pertinent part that participants could make pre-tax salary deferral contributions to the Plan.

15. Pursuant to 29 CFR § 2510.3-102(a)(1)-(b)(1), participant contributions are to be remitted as of the earliest date on which such contributions can reasonably be segregated from the employer's general assets or no later than the 15th business day of the month following the month in which the participant contribution amounts are received by the employer.

16. From at least January 5, 2017 through December 20, 2019, Defendant RCS withheld $10,869.71 from its employees' pay as salary deferral contributions for remittance to the Plan. Defendant RCS retained the withheld employee contributions in its bank account and never remitted these assets to the Plan.

17. From at least January 5, 2017 through the present, Defendant Scott had authority and control over whether Defendant RCS remitted withheld employee salary deferral contributions to the Plan, and exercised such authority and control.

18. From at least January 5, 2017 through the present, Defendant Scott caused Defendant RCS to retain $10,869.71 in employee salary deferral contributions to the Plan in its corporate bank account and used those assets to pay Defendant RCS's general operating expenses.

19. Based on the facts described in Paragraphs 13 through 18 above, Defendants RCS and Scott:

    a. permitted the Plan's assets to inure to the benefit of the employer and failed to hold them for the exclusive purpose of providing benefits to the Plan participants and their beneficiaries and defraying reasonable expenses of plan administration in violation of ERISA § 403(c)(1), 29, U.S.C. § 1103(c)(1);

    b. failed to act solely in the interest of the participants and beneficiaries of the Plan and for the exclusive purpose of providing benefits to participants and their beneficiaries and defraying reasonable expenses of plan administration, in violation of ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A);

    c. failed to discharge their duties with the care, skill, prudence, and diligence that a prudent man acting in a like capacity and familiar with such matters would use for the same conduct in violation of ERISA § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B);

    d. caused the Plan to engage in transactions which they knew or should have known constituted a direct or indirect transfer to, or use by, or for the benefit of a party in interest, of assets of the Plan, in violation of ERISA § 406(a)(1)(D), 29 U.S.C. § 1106(a)(1)(D);

    e. dealt with assets of the Plan in their own interest in violation of ERISA § 406(b)(1), 29 U.S.C. § 1106(b)(1); and

f. acted on behalf of a party whose interests are adverse to the interest of the Plan or the interests of its participants and beneficiaries, in violation of ERISA § 406(b)(2), 29 U.S.C. § 1106(b)(2).

20. As a direct and proximate result of Defendants RCS and Scott's fiduciary breaches, the Plan suffered injury and losses for which they are personally liable and subject to appropriate equitable relief, pursuant to ERISA § 409, 29 U.S.C. § 1109.

## COUNT TWO
### Failure to Remit Employee Contributions to the Plan in a Timely Manner

21. Paragraphs 1 through 12, 14 and 16 above are realleged and incorporated in these allegations.

22. From at least January 5, 2017 through December 20, 2019, Defendant RCS withheld $89,759.92 from its employees' pay as salary deferral contributions intended for contribution to the Plan.

23. From at least January 5, 2017 through December 20, 2019, Defendant RCS failed to remit $64,471.92 from its employees' pay as salary deferral contributions intended for the Plan .

24. From at least January 5, 2017 through December 20, 2019, Defendant Scott caused Defendant RCS to withhold $64,471.92 in employee salary deferral contributions from employees' paychecks and not remit them to the Plan in a timely manner.

25. From at least January 5, 2017 through the present, Defendant Scott had authority and control over whether and when Defendant RCS remitted withheld employee salary deferral contributions to the Plan, and exercised such authority and control.

26. From at least January 5, 2017 through the present, Defendant Scott caused Defendant RCS to untimely remit employee salary deferral contributions to the Plan and caused

the company to hold these assets its corporate bank account until such time as they were actually remitted, which was an average of 269 days for untimely remittances.

27. Based on the facts described in Paragraphs 21 through 26 above, Defendants RCS and Scott:

    a. permitted the Plan's assets to inure to the benefit of the employer and failed to hold them for the exclusive purpose of providing benefits to the Plan participants and their beneficiaries and defraying reasonable expenses of plan administration in violation of ERISA § 403(c)(1), 29, U.S.C. § 1103(c)(1);

    b. failed to act solely in the interest of the participants and beneficiaries of the Plan and for the exclusive purpose of providing benefits to participants and their beneficiaries and defraying reasonable expenses of plan administration, in violation of ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A);

    c. failed to discharge their duties with the care, skill, prudence, and diligence that a prudent man acting in a like capacity and familiar with such matters would use for the same conduct in violation of ERISA § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B);

    d. caused the Plan to engage in transactions which they knew or should have known constituted a direct or indirect transfer to, or use by, or for the benefit of a party in interest, of assets of the Plan, in violation of ERISA § 406(a)(1)(D), 29 U.S.C. § 1106(a)(1)(D);

    e. dealt with assets of the Plan in their own interest in violation of ERISA § 406(b)(1), 29 U.S.C. § 1106(b)(1); and

f. acted on behalf of a party whose interests are adverse to the interest of the Plan or the interests of its participants and beneficiaries, in violation of ERISA § 406(b)(2), 29 U.S.C. § 1106(b)(2).

28. As a direct and proximate result of Defendants RCS and Scott's fiduciary breaches, the Plan suffered injury and losses for which they are personally liable and subject to appropriate equitable relief, pursuant to ERISA § 409, 29 U.S.C. § 1109.

## COUNT THREE
### Failure to Maintain Fidelity Bond for Fiduciaries of the Plan

29. Paragraphs 1 through 12 above are realleged and incorporated in these allegations.

30. From the inception of the Plan in 2014 to present, Defendants RCS and Scott failed to maintain a fidelity bond for the Plan.

31. Under ERISA § 412(a)(3)(D), 29 U.S.C. § 1112(a)(3)(D), the bond must provide coverage for persons handling plan funds in an amount no less than 10% of the amount of funds handled by the person in the previous year.

32. Upon information and belief, to date, Defendants RCS and Scott have not obtained a fidelity bond for the Plan.

33. By the conduct described in Paragraphs 29 through 32 above, Defendants RCS and Scott failed to ensure that the fiduciaries of the Plan who handled the funds or other property of the Plan were bonded as required by law against losses to the Plan resulting from acts of fraud or dishonesty in violation of ERISA § 412(a), 29 U.S.C. § 1112(a).

## PRAYER FOR RELIEF

**WHEREFORE**, the Secretary prays that this Court enter a judgment:

A. Permanently enjoining Defendants RCS and Scott from violating the provisions of Title I of ERISA;

B. Permanently enjoining Defendants RCS and Scott from serving or acting as fiduciaries or service providers to any ERISA-covered employee benefit plan and removing them from any positions they now hold as fiduciaries of the Plan;

C. Appointing an independent fiduciary to terminate the Plan and distribute plan assets;

D. Ordering Defendants RCS and Scott to make good to the Plan all losses, including lost opportunity costs, resulting from fiduciary breaches committed by them for which they are liable;

E. Requiring the Plan to set off Defendant Scott's individual Plan account, if any, against the amount of the Plan's losses, including lost opportunity costs, resulting from Defendant Scott's fiduciary breaches, as authorized by Section 1502(a) of the Taxpayer Relief Act of 1997, Pub.L.No. 105-34, § 1502(a), 111 stat. 788, 1058-59 (1997) [codified at 29 U.S.C. § 1056(d)(4)], if the losses are not otherwise restored to the Plan;

F. Ordering Defendants RCS and Scott to correct the prohibited transactions in which they engaged;

G. Awarding the Secretary the costs of this action; and

H. Ordering such further relief as is appropriate and just.

**KATE S. O'SCANNLAIN**
Solicitor of Labor

**CHRISTINE Z. HERI**
Regional Solicitor

s/ Arsalan A. Nayani
**ARSALAN A. NAYANI**
Attorney

Office of the Solicitor

8

U.S. Department of Labor
230 South Dearborn Street
Eighth Floor
Chicago, Illinois 60604
Telephone: (312) 353-5738
Email: Nayani.arsalan.a@dol.gov

Attorneys for Eugene Scalia,
Secretary of Labor, United States
Department of Labor, Plaintiff