# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| **MARTIN J. WALSH**[1], Secretary of Labor, United States Department of Labor, <br><br> Plaintiff, <br><br> v. <br><br> **RODNEY C. SCOTT, RCS & ASSOCIATES, LTD., and RCS & ASSOCIATES, LTD. 401(k) PLAN,** <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) )     **Civil Action No. 20-cv-06638** |

## <u>CONSENT ORDER AND JUDGMENT</u>

Plaintiff Secretary of Labor, United States Department of Labor ("Secretary"), pursuant to the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1001, *et seq*., filed a complaint against Defendants Rodney C. Scott ("Scott") and RCS & Associates, Ltd. ("RCS"), alleging breaches of their fiduciary responsibilities under ERISA §§ 104, 403, 404, 406 and 412, with respect to the RCS & Associates, Ltd. 401(k) Plan (the "Plan")[2].

Defendants Scott, RCS, and the Plan waived service of process of the complaint and admit to the jurisdiction of this Court over them and the subject matter of this action.

On April 23, 2020, Defendants Scott and RCS restored $10,069.71 to the Plan. As of March 31, 2021, Defendants Scott and RCS had restored an additional $4,466.78, which represented the remaining delinquent and untimely employee contributions they withheld or that

---

[1] By operation of law, Martin J. Walsh, Secretary of Labor, is substituted for former Acting Secretary of Labor Milton Al Stewart. FED. R. CIV. P. 25(d).

[2] The Plan is named as a defendant herein pursuant to Federal Rule of Civil Procedure 19(a) solely to assure that complete relief can be granted.

were due to Plan participants' accounts during the period of January 5, 2017 through August 20, 2019 and lost opportunity costs thereon. Defendants Scott and RCS have provided the Secretary with satisfactory proof of these restorations to the Plan.

The Secretary, Scott, RCS, and the Plan have agreed to resolve all matters in controversy in this action between them, and said parties do now consent to entry of a Consent Order and Judgment by this Court in accordance therewith.

Upon consideration of the record herein, and as agreed to by the parties, the Court finds that it has jurisdiction to enter this Consent Order and Judgment.

**IT IS THEREFORE ORDERED**, **DECREED**, and **ADJUDGED** that:

1. Defendants Scott and RCS are permanently enjoined and restrained from violating the provisions of Title I of ERISA, 29 U.S.C. § 1001 *et seq*.

2. Within 120 days of the entry of this Judgment, in accordance with ERISA and the Plan's governing documents, Defendants Scott and RCS will terminate the plan and cause to be distributed to the plan participants all the Plan's assets.

3. Defendants Scott and RCS shall take appropriate actions to locate each such participant or beneficiary of the Plan to notify each such participant or beneficiary of his/her entitlement to a restoration of losses. Appropriate actions include complying with the guidance in EBSA Field Assistance Bulletin 2021-01, Temporary Enforcement Policy Regarding the Participation of Terminating Defined Contribution Plans in the PBGC Missing Participants Program (Jan. 12, 2021) available at https://www.dol.gov/agencies/ebsa/employers-and-advisers/guidance/field-assistance-bulletins/2021-01; EBSA Compliance Assistance Release 2021-01, Terminated Vested Participants Project Defined Benefit Pension Plans (Jan. 12, 2021) available at https://www.dol.gov/agencies/ebsa/employers-and-advisers/plan-administration-and-

compliance/retirement/missing-participants-guidance/compliance-assistance-release-2021-01;
and EBSA Missing Participants – Best Practices for Pension Plans (Jan. 12, 2021) available at
https://www.dol.gov/agencies/ebsa/employers-and-advisers/plan-administration-and-
compliance/retirement/missing-participants-guidance/best-practices-for-pension-plans.

4.      Within 30 days from the date that the Plan is fully terminated, Defendants Scott
and RCS shall provide satisfactory proof of such termination, including proof of issuance of the
Plan's participant distributions, to the EBSA Regional Director.

5.      Defendant Scott agrees that he will notify the EBSA Regional Director within
seven days of any change of his name, residence, telephone number, mailing address or
employment until the Plan is fully terminated as identified in paragraphs 2 through 5 above.

6.      Defendants Scott and RCS shall be permanently enjoined from serving or acting
as fiduciaries or service providers with respect to employee benefit plans subject to ERISA,
except to the extent necessary for Defendant Scott to terminate the Plan and distribute the Plan's
assets as identified in paragraphs 2 through 5 above.

7.      Defendants Scott and RCS shall be and hereby are assessed a total penalty under
ERISA § 502(l), 29 U.S.C. § 1132(l), of $893.35.  For purposes of calculating the penalty, the
parties agree that the applicable recovery amount is $4,466.78.

   a.   Defendants hereby waive the notice of assessment and service requirements
        of 29 C.F.R. § 2570.83.

   b.   Defendants agree to pay the $893.35 penalty assessed by the U.S.
        Department of Labor pursuant to ERISA §502(l), 29 U.S.C. §1132(l) within
        30 days of the entry of this Judgment. Defendants shall pay the penalty owed
        pursuant to paragraph 8 by remitting a check or money order payable to the

United States Department of Labor. The check should be mailed to the following address:

> *Standard (Regular U.S. Mail)*
> ERISA Civil Penalty
> P.O. Box 6200-36, Portland, OR 97228-6200
>
> *Express or Commercial Overnight Mail*
> U.S. Bank
> Attn: ERISA Civil Penalty #6200-36
> 17650 NE Sandy Blvd., PD-OR-C1GL, Portland, OR 97230

The check or money order referenced in this paragraph shall reference EBSA Case No. 50-034783.

8. Nothing in this Consent Order and Judgment is binding on any government agency other than the United States Department of Labor, Employee Benefits Security Administration.

9. Each party agrees to bear his or its own attorneys' fees, costs and other expenses incurred by such party in connection with any stage of this proceeding to date including, but not limited to, attorneys' fees which may be available under the Equal Access to Justice Act, as amended.

10. The Court shall maintain jurisdiction over this matter only for purposes of enforcing this Consent Order and Judgment.

SO ORDERED.

Dated: September 8, 2021                              /s/ Martha M Pacold
                                                     United States District Judge

The parties hereby consent to the entry of this consent order and judgment.

4

**FOR THE SECRETARY OF LABOR:**

**SEEMA NANDA**
Solicitor of Labor

**CHRISTINE Z. HERI**
Regional Solicitor

s/ *Arsalan Nayani*
**ARSALAN NAYANI**
Attorney
Office of the Solicitor
U.S. Department of Labor
230 South Dearborn Street
Eighth Floor
Chicago, Illinois 60604

**FOR RODNEY C. SCOTT:**

s/ *Rodney C. Scott*
**RODNEY C. SCOTT**

**FOR RCS & ASSOCIATES, LTD:**

s/ *Rodney C. Scott*

By:    Rodney Scott

Title:   President

**FOR RCS & ASSOCIATES, LTD PLAN:**
s/ *Rodney C. Scott*

By:    Rodney Scott

Title:   Trustee

s/ *James O. Stola*
**JAMES O. STOLA**
Attorney for All Defendants
Bar No. IL 2742160
Law Office of James O. Stola
3738 West Irving Park Rd.
Chicago, IL 60618
Tel. (773) 969-6570
james@stolalaw.com

5